UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KEITHPHNINE GERALD,<br>    Plaintiff,<br><br>        v.<br><br>CITY OF PHILADELPHIA,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 2:11-cv-00041 |

**OPINION**

**Joseph F. Leeson, Jr.**                                                                                    **March 1, 2017**
**United States District Judge**

**I.     INTRODUCTION**

This case arises out of the allegedly unconstitutional practice of triple-celling, which occurs when three prisoners are housed in a cell intended for only two prisoners.  Summary judgment was granted in favor of Defendant City of Philadelphia on all but Plaintiff Keithphnine Gerald's nominal damages claim, which the City has since agreed to take default on.  Based on the following findings of fact and conclusions of law, judgment is entered against the City and in favor of Gerald in the amount of $1.00 in nominal damages plus $1.50 in attorney's fees.

**II.    PROCEDURAL HISTORY**

In 2011, Gerald brought this action, pro se, pursuant to 42 U.S.C. § 1983, seeking compensatory, nominal, and punitive damages.  *See* Compl., ECF No. 3 (Jan. 6, 2011) and Am. Compl., ECF No. 12 (Sept. 23, 2011).  On January 25, 2011, this case was consolidated with numerous other actions of persons similarly situated for purposes of discovery and other pretrial matters.  ECF No. 4 (citing *Johnson v. Moore et al.*, No. 09-6097 (E.D. Pa. filed Dec. 22, 1999)).  The action was assigned to the Honorable Norma L. Shapiro.

Counsel was appointed to represent Gerald on May 18, 2011. ECF No. 6. An Amended Complaint was filed on September 23, 2011. ECF No. 12. On April 23, 2013, summary judgment was granted in favor of the City with respect to Gerald's compensatory and punitive damages claims. ECF No. 49. Thereafter, on July 3, 2014, counsel's request to withdraw as attorney was granted and Gerald was given until August 4, 2014, to obtain new counsel or to advise the Court that he wished to proceed pro se. ECF No. 57. On July 16, 2014, Gerald filed a notice of his intent to proceed pro se. ECF No. 58.

A trial was scheduled for April 14, 2015, but had to be continued until June 1, 2015. ECF Nos. 59-61. After a brief hearing on June 1, 2015, the trial was rescheduled for October 20, 2015. ECF No. 62-64. Counsel for the City indicated that it would accept default judgment as to the nominal damages claim.

On October 20, 2015, Gerald, appearing pro se, requested a jury trial, but Judge Shapiro explained that he did not have a right to a jury trial after the City's default. *See* Fed. R. Civ. P. 55(b)(2)(C) (providing that a court may conduct hearings, "preserving any federal statutory right to a jury trial" when it is necessary to enter a default judgment); *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 707 (1999) (holding that § 1983 does not confer a statutory right to a jury trial); *Teri Woods Publ'g, L.L.C. v. Williams*, No. 12-4854, 2013 U.S. Dist. LEXIS 167759, at *11-14 (E.D. Pa. Nov. 25, 2013) (concluding that there is neither a constitutional nor a statutory right to a jury trial on damages following the entry of default). Judge Shapiro indicated that she would award $1.00 in nominal damages and $1.50 in attorney's fees.

This decision was never formalized in writing, nor entered on the docket. On August 1, 2016, the case was reassigned to the Honorable Mitchell S. Goldberg. ECF No. 65. Then, on December 20, 2016, the matter was reassigned to the Undersigned.

**III.    FINDINGS OF FACT[1]**

"A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885))).

According to the Amended Complaint, Gerald had been incarcerated in the Philadelphia Prison System ("PPS") since December 28, 2008, with the exception of a few months.  *See* Am. Compl. ¶ 8, ECF No. 12.  During that time, PPS was overcrowded and resorted to triple-celling prisoners, which is the practice of placing three inmates in a cell intended for two inmates.  *See id.* at ¶¶ 14-38; *Johnson v. Moore*, No. 2:09-cv-6097 (E.D. Pa. Jan. 26, 2011), ECF No. 29 at ¶¶ 17-41.  The conditions in these cells were unhealthy, unsanitary, and degrading, as the cramped dimensions of the cells placed the third inmates within inches of the sinks and toilets.  *Id.*  Prisoners in these housing areas were often subject to lock downs, which resulted in their being denied showers and medical treatment.  *Id.*

Accepting the factual allegations in the Amended Complaint as true and considering the City's decision not to contest liability, this Court finds that the City violated Gerald's constitutional rights.  Default is entered in favor of Gerald and against the City.

That leaves the question of damages.  As summary judgment was previously granted with respect to Gerald's request for compensatory and punitive damages, the only damages at issue are nominal damages.

---

[1]    This Court has reviewed the entire record in making its Findings of Fact and Conclusions of Law.

## IV. CONCLUSIONS OF LAW

When nominal damages are awarded by the court, the appropriate measure thereof is $1.00. *See Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 146 (3d Cir. 2000) (citing *United States ex rel. Tyrrell v. Speaker*, 535 F.2d 823 (3d Cir. 1976) (holding that "nominal damages may not exceed one dollar"))). Default judgment is therefore entered against the City and Gerald is awarded $1.00 in nominal damages.

A § 1983 litigant who receives nominal damages may be considered a prevailing party, which allows the court to award reasonable attorney's fees. *See Harris v. Ricci*, 595 F. App'x 128, 133 (3d Cir. 2014). The award of attorney's fees may not be greater than 150 percent of the judgment. *See* 42 U.S.C.S. § 1997e(d)(2); *Parker v. Conway*, 581 F.3d 198, 201 (3d Cir. 2009). A pro se litigant is not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991). Thus, for the period of time during which Gerald was represented by counsel, he is awarded attorney's fees in the amount of $1.50.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson. Jr.*
JOSEPH F. LEESON, JR.
United States District Judge